**Epimenio SOTO NEGRON, et al., Plaintiffs**

v.

**TABER PARTNERS I, LIMITED PARTNERSHIP, D/B/A Radisson Ambassador Plaza Hotel and Casino, Defendant**

No. CIV. 01–2315(JP).

United States District Court, D. Puerto Rico.

Dec. 11, 2002.

**106**

Maximiliano Trujillo–Gonzalez, Bayamon, PR, for plaintiff.

Godwin Aldarondo–Girald, San Juan, PR, for defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (docket No. 16).

In the instant case, Plaintiffs bring suit against Taber Partners I, d/b/a Radisson Ambassador Plaza Hotel and Casino, for violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1962. Defendant is a limited partnership created and registered under the laws of the state of New York. The partnership is the owner of the Ambassador Hotel and Casino in San Juan, Puerto Rico. Plaintiffs purchased six money orders payable to the U.S. Marshall Service and allege that Defendant cashed said checks at the casino it operates. The checks were for amounts varying from $2,500.00 to $4,000.00, totaling $19,100.00, and were cashed between March 27, 2000 and April 3,2000. The checks were issued to the order of the U.S. Marshall Service and endorsed by Defendant with a stamp that reads "for deposit to the order of any of the named accounts: Howard Johnson, Howard Johnson Hotel & Restaurant, Taber Partner I, Radisson, Ambassador Plaza, Ambassador Plaza Hotel." Plaintiffs allege that the checks, which were property of the United States, were converted to private use at Defendant's casino and that said conduct violated 18 U.S.C. § 495 [1] and 18 U.S.C. § 641 [2]. According to Plaintiffs, the cashing of the checks constituted an illegal pattern of conduct under RICO.

Defendant now moves to dismiss the complaint on three grounds. First, Defendant claims that the cashing of the checks

---

1. 18 U.S.C. § 495 reads, in relevant part, "whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money ... shall be fined under this title or imprisoned not more than ten years, or both."

2. 18 U.S.C. § 641 reads, in relevant part, "whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof ... shall be fined under this title or imprisoned not more than ten years, or both."

did not violate 18 U.S.C. § 495 and 18 U.S.C. § 641 because the checks were made payable to a private entity, Mr. Mauricio Vázquez of the U.S. Marshall Service, not the U.S. government. Defendant alleges that the "U.S. Marshall Service" is not a government agency, but rather a corporation dedicated to the sale of motor vehicles. Second, Defendant claims that it was not properly served, because Plaintiffs did not serve process on an agent of the partnership as required by the Federal Rules of Civil Procedure; rather, they served process on an official of a hotel operated by Defendant Taber Partners. Finally, Defendant claims that Plaintiffs have failed to allege an illegal pattern of conduct as required by RICO. The Court hereby **GRANTS** Defendant's motion to dismiss on these grounds, as this final allegation is sufficient to support a motion to dismiss.

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berríos v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A com-

plaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that the Court will assess the instant motion.

## III. ANALYSIS

To state a claim under section 1962(c) of RICO, a Plaintiff must allege each of the four elements required by the statute, (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *See North Bridge Associates v. Boldt*, 274 F.3d 38, 42 (1st Cir.2001). While Defendant alleges that the complaint is insufficient in multiple respects, the Court will focus on Plaintiffs' failure to adequately allege a "pattern" of racketeering as required by RICO.

By statute, a successful RICO plaintiff seeking to establish a pattern must show at least two predicate acts of "racketeering activity." *See id.* In addition, the plaintiff must demonstrate that the "predicates are related, and that they amount to or pose a threat of continued criminal activity." *See Efrón v. Embassy Suites (P.R.), Inc.*, 223 F.3d 12, 15 (1st Cir.2000) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). Acts are related if they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not

isolated events." *See id.* To establish continuity, "the plaintiff must show that the related predicates amounted to, or posed a threat of, continued criminal activity." *See id.*

Plaintiffs allege that Defendant committed six "predicate acts" under RICO by converting six checks written to the order of the government for private use in violation of federal statutes over a one-week period. Thus, the Plaintiffs have alleged at least two predicate acts as required by the statute. In addition, these predicate acts are related because the check-cashing scheme involved the same participants, victims, method of commission, and purpose. As Defendant has alleged at least two related predicate acts, the Court will now address the issue of whether Plaintiffs have satisfied the continuity requirement under RICO.

The continuity requirement may be satisfied by one of two methods. *See H.J. Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900; *see also FAC, Inc. v. Cooperative de Seguros de Vida*, 106 F.Supp.2d 244, 257–259 (2000) (Pieras, J.). By the first method, "a party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *Id.* at 242, 109 S.Ct. at 2902. Because Congress intended RICO to apply only to enduring criminal conduct, predicate acts, under the "closed period" analysis, must extend over a period of time longer that a few weeks or months. *See id.*

■ In the instant case, the predicate acts at issue extend only over one week. The Court views this time period as insufficient to satisfy the closed-ended continuity approach. Thus, the Court turns to the second method of satisfying the continuity requirement, known as that "open-ended" approach. Even where the alleged predicate acts take place within a more narrow time frame, if "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future" or "form part of an ongoing entity's regular way of doing business," there is sufficient continuity for purposes of establishing a pattern. *Id.* However, "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy the requirement." *Fleet Credit Corp. v. Sion*, 893 F.2d 441, 447 (1st Cir.1990). Rico is not aimed at a single narrow criminal episode, even if that single episode involves behavior that amounts to several crimes, for example, several unlawful mailings. *See Apparel Art. Int'l., Inc. v. Jacobson*, 967 F.2d 720, 723 (1st Cir. 1992).

■ Over a one week period, Defendant allegedly cashed six checks, which, according to Plaintiffs, were designated solely for government use, for private use in violation of federal criminal statutes. In analyzing whether the check-cashing scheme allegedly carried out by Defendant satisfies the continuity requirement of RICO, the Court begins by noting that Plaintiffs did not plead in their complaint that Defendant's acts posed a threat of continuing criminal activity. The Plaintiffs did not allege that Defendant's acts were a regular way of operating business or a standard operating procedure. According to First Circuit precedent, Plaintiffs claims are not sufficient to support the continuity requirement under RICO. For example, in *North Bridge Associates, Inc. v. Boldt*, 274 F.3d 38 (1st Cir.2001), the Court held that two separate letters sent by defendant four months apart, demanding payment of amounts owed on a note executed in connection with a fraudulent time-share scheme, were not continuous and thus did not establish a pattern as required by RICO. Also, in *Systems Management v. Loiselle*, 303 F.3d 100 (1st Cir.2002), the

Court held that Defendant's several acts of mail fraud in connection with a scheme to conceal noncompliance with a state prevailing wage statute were insufficient to show a continuing pattern under RICO. As in the above cases, Defendant's alleged acts in the instant case constitute a single, isolated, concentrated instance of criminal activity. There is no evidence or allegation suggesting that the Defendant's acts threaten continued criminal activity.

While the complaint's allegations may support fraud or other state law claims, they simply do not establish the continuity necessary to prove a violation of the RICO statute. The Defendant's acts may indeed have been criminal and reprehensible; however, they do not threaten the kind of continued criminal activity required under RICO. The Court notes that RICO was designed to address only specific types of criminal conduct, not every violation of federal law. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' claims against them under RICO.

Plaintiffs' remaining causes of action are based on Puerto Rico law. Because this is not a diversity case, the power of the federal court to hear and to determine state law claims depends on the presence of at least one "substantial" federal claim in the lawsuit. *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Federal jurisdiction hinges on the RICO claim in this case. Since "pendent" or "supplementary" claims consist of state matters over which Congress did not grant federal courts independent jurisdiction, once the federal question issues are dismissed the Court may dismiss the entire case. *Newman v. Burgin,* 930 F.2d at 964. The Court hereby **DISMISSES WITHOUT PREJUDICE** the Plaintiffs' claims arising under Puerto Rico law.

## IV. CONCLUSION

As the Plaintiffs have failed to state a claim under RICO, 18 U.S.C. §§ 1961, 1962, the Court **GRANTS** Defendant's motion to dismiss and hereby **DISMISSES WITH PREJUDICE** all those claims against Defendant in the instant case and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims arising under Puerto Rico Law.

**IT IS SO ORDERED.**